**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAIKEL ROLANDO GARRIDO MUXART,<br><br>                                   Petitioner,<br><br>      v.<br><br>CHRISTOPHER J. LAROSE, *Warden*,<br><br>                                   Respondent. | Case No. 26-cv-01661-BAS-AHG<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 5)** |

Petitioner Maikel Rolando Garrido Muxart filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States pursuant to the CBP One app.  (ECF No. 5.)  The Government responded.  (ECF No. 7.)  For the reasons stated below, the Court **GRANTS** the Amended Petition and orders that Petitioner be released on the same terms and conditions as he was previously released on parole.

**I.      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the

- 1 -

writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.  STATEMENT OF FACTS

Petitioner, a citizen of Cuba, entered the United States on October 9, 2023, using the CBP One app. (ECF No. 5.) The Department of Homeland Security ("DHS") paroled him into the United States, apparently finding that he was neither a flight risk nor a danger to the community. (*Id.*) Petitioner complied with all conditions of his release. (*Id.*) On February 9, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner without notice or an opportunity to be heard, and without any changed circumstances with respect to his flight risk or danger to the community. (*Id.*) Petitioner seeks immediate release on the same conditions as his preexisting parole.

## III.  ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that Petitioner is part of the class certified in *Maldonado Bautista v. Santacruz,* __ F. Supp. 3d___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). (ECF No. 7.) However, the *Maldonado Bautista* class applied only to individuals who entered without inspection and were not apprehended upon arrival. *Id.* Petitioner was apprehended at the border upon arrival, so he does not appear to be part of the *Maldonado Bautista* class.[1]

---

[1] The Court notes additionally that the *Maldonado Bautista* class has been limited to the Central District of California and stayed with respect to all other potential class members. *Maldonado Bautista v. U.S. Dep't of Homeland Sec.,* No. 26-1044 (9th Cir. Mar. 6, 2026).

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner, finding he was not a flight risk or a danger to the community in October 2023, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Thus, the Court **GRANTS** the Amended Petition.

//

//

26cv1661

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Maikel Rolando Garrido Muxart (A#244-215-457) be released on the same terms and conditions as he was ordered released on parole in October 2023.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 2, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1661